[No. 37794.    Department One.    May 20, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD CHARLES
BADDA, *Petitioner.**

*Nicholas A. Maffeo,* for petitioner.

*Charles O. Carroll* and *Bruce W. Rudeen,* for respondent.

*Reported in 402 P.2d 348.

DONWORTH, J.—■  This is an application for a writ of certiorari to review an order of the superior court, in which the indigent petitioner asserts that he was denied his constitutional right to be furnished a *complete* statement of facts, at county expense, in connection with his appeal from a second conviction on two counts charging him with robbery.[1] The petition is worded as if he were asking for a writ of mandamus. It is obvious from his brief that the issues raised pertain to an alleged constitutional error of the trial court in denying him a full statement of facts. We, therefore, treat the issues as presented by an application for certiorari in accordance with our decision in *Woods v. Rhay,* 54 Wn.2d 36, 45, 338 P.2d 332 (1959), where we stated:

> If the indigent defendant shall feel aggrieved by the order of the court, he shall, by serving a petition in accordance with the provisions of Rule 57, Rules on Appeal, 34A Wn. (2d) 61, as amended, effective January 12, 1959, RCW Vol. 0, be entitled to have the order reviewed by certiorari. The furnishing of a bond will not be necessary.

After his previous conviction of robbery was reversed and remanded for a new trial, the petitioner was retried on the same charges on March 24 and 25, 1964, and was again convicted on a jury verdict. An appeal has been taken from the judgment and sentence resulting from this second trial.

We are *not* here concerned with the merits of possible errors committed in the second trial. Instead, petitioner's petition pertains solely to the refusal of the trial court to grant him a complete statement of facts.[2] The petitioner has already been granted by the trial court the complete clerk's transcript,[3] as well as portions of the statement of facts

---

[1]On his prior appeal, petitioner was granted a new trial on the same two counts. See *State v. Badda*, 63 Wn.2d 176, 385 P.2d 859 (1963).

[2]The verbatim record of every aspect of the trial, including the impaneling and voir dire of the jury, opening arguments of counsel, examination of all witnesses, admission of all exhibits, the court's instructions to the jury, and the closing arguments of counsel, as well as any other proceedings before the trial court in connection with the trial.

[3]The transcript contained the indictment, the written pleas, and motions, the proposed instructions, and the given instructions, the jury verdict, the judgment and the sentence.

deemed relevant by the trial court, and a narrative statement of the entire proceedings made with the co-operation of the prosecutor. It is the petitioner's position that the trial court, in refusing to grant him a complete statement of facts, has violated his constitutional right, as an indigent, to have an adequate trial record supplied free (at public expense) for the purpose of prosecuting his second appeal.

The facts relevant to the alleged constitutional error of the trial court are as follows:

After the trial court rendered its judgment and sentence, a timely notice of appeal was given by petitioner, followed by a timely filing of a petition for praecipe and production of a transcript and a complete statement of facts at county expense. In this petition to the trial court, the petitioner alleged the following:

I

That an Information was filed against your petitioner as co-defendant with Dolan McCollum and Edgar Covert charging robbery on two counts.

II

That your petitioner was tried before the Honorable Ward A. Roney, Judge of the Superior Court of the State of Washington for King County, Department No. 9, Room 809, in a jury trial for the crime of armed robbery on two counts. That amongst the several errors that were committed upon the trial there was the following salient error which is of itself sufficient ground for the granting of a new trial.

III

That when the court had completed its instruction, the State of Washington supplied to the court a form of verdict requiring the jury to find the defendant guilty upon two counts of burglary in the second degree; that the said form of verdict was not referred to the defendant or defendant's counsel; that the defendant nor defendant's counsel participated nor contributed in any manner whatsoever for the serious error of law that was committed solely by the respondent, State of Washington. That the evidence is clear that the jury took the wrong verdict, to-wit: asking them that if they found them guilty they would find the defendant guilty on two counts of burglary

in the second degree and for seven and one-half hours or thereabouts deliberated on this verdict and therefore the entire proceedings had from the time the case was given to the jury until the time the verdict was returned to the court and was recorded in open court as being the verdict of the jury, to-wit: a verdict of burglary in the second degree, that this verdict was clear error of law; that the court had no jurisdiction to thereafter void the said verdict and request the prosecuting attorney to bring in a corrected verdict of two counts of armed robbery and send the said verdict out with the jurors, that is, the same jury who had found the defendant guilty on two counts of burglary in the second degree to bring with them a new verdict on two counts of armed robbery and bring back another verdict on the two counts of armed robbery. The evidence will show that the jury deliberated less than five minutes or a very short time and thereafter brought in a verdict of guilty of armed robbery.

## IV

That there were several other errors of law committed at the trial which will be apparent in the statement of facts and which also will give the petitioner grounds for reversing the trial court by the Supreme Court.

## V

That by virtue of the aforesaid misconduct and errors committed at the trial, your petitioner was convicted of the crime of robbery on two counts and a judgment and sentence was signed by the Honorable Ward A. Roney on May 1, 1964, sentencing your petitioner on both counts to not more than twenty (20) years in the State Penitentiary, said sentences to run concurrently on each count, the defendant to be credited from the time of judgment being filed from time spent in the County Jail. That written notice of appeal was given on the 8th day of May, 1964, from each and every part of said judgment and said sentence. That your petitioner was subsequently appointed on the 13th day of May, 1964, as the court-appointed counsel to prosecute an appeal from the aforesaid trial. [4]

---

[4] It should not be inferred from this statement that petitioner's counsel had not represented him prior to the taking of the second appeal. In fact, he had represented him on his first appeal (see footnote 1) and also throughout the second trial in the superior court.

318

## VI

That your petitioner is without funds with which to procure a praecipe of the transcript on appeal, a statement of facts, and the necessary documents to prosecute the said appeal.

## VII

That through no fault of his own, that unless the appeal of the appellant is perfected your petitioner will have been sentenced and deprived of his liberty in violation of the laws of the state of Washington and without due process of law.

WHEREFORE, your petitioner prays that the court enter an Order as follows:

1. For your petitioner to file his transcript of appeal thirty (30) days from the date of the entry of the Order signed by this court, said transcript on appeal to be at county expense and the Clerk of the Superior Court directed to procure the said transcript at county expense.

2. That the Clerk of the Superior Court be required to furnish your petitioner a Statement of Facts at county expense.

3. For such other and further relief as to the court may seem proper.

The trial court ruled on the petition as follows:

[T]he court having considered the defendant's petition and the records and files herein, and the court having reviewed its notes of the trial and having searched its recollection for the occurance [sic] of prejudicial error, now makes the following findings:

(1) That the defendant is without funds to secure a verbatim reproduction of the reporter's notes;

(2) That the defendant has alleged in § III of his petition that there was error in the receiving and filing of the verdict and the sentencing thereon;

(3) That the defendant has not made in his petition any other specific allegations of error;

(4) That the court upon reviewing his notes and memory, finds no other substantial possibility or prejudicial error;

(5) That the defendant, although alleging in his motion for new trial all the grounds stated in RCW 10.67.010 urged only the allegation stated in § III of his petition;

(6) That the defendant has elected to stand on his petition.

From these findings, the court concludes:

(1) That the only portions of the reporter's notes relative to the issue raised by defendant in § III of his petition are the notes on the hearing on the 26th day of March, 1964, and the hearing on the 1st day of May, 1964;

(2) That these portions of the reporter's notes together with a narrative statement of the balance of the proceedings, the court's instructions to the jury, and such transcript as the defendant may request, together with the affidavit of the Court's Bailiff dated 25 June 1964 will be a record of sufficient completeness for a review of the defendant's only allegation of error;

Now, THEREFORE,

IT IS ORDERED that the defendant be provided at county expense with a verbatim reproduction of only those portions of the reporter's notes having to do with the receiving and filing of the verdict and sentencing thereon, to-wit: the hearings on the 26th day of March, 1964, and on the 1st day of May, 1964;

IT IS FURTHER ORDERED that the prosecuting attorney cooperate with defense counsel in preparing a narrative statement of those portions of the proceedings as the state and the defendant deem necessary; and

IT IS FURTHER ORDERED that as soon as the defendant has been granted permission to appeal in forma pauperis as provided in Rule on Appeal No. 47, the defendant is to have a transcript provided at the county expense.

Petitioner was represented throughout this second trial and subsequent proceedings by the same court-appointed counsel who has been appointed to represent him on his appeal.

It is petitioner's position that, on the basis of his petition in praecipe quoted verbatim above, he is entitled to a *complete* statement of facts under the rules imposed by the United States Supreme Court in *Draper v. Washington,* 372 U. S. 487, 9 L. Ed.2d 899, 83 Sup. Ct. 774 (1963), and prior cases.

We do not agree. We believe that the United States Supreme Court clearly and simply stated the complete answer to the petitioner's contention in *Draper v. Washington, supra* at 495, where it stated:

In considering whether petitioners here received an adequate appellate review, we reaffirm the principle,

320

declared by the Court in *Griffin* [*Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 Sup. Ct. 585 (1956)], that a State need not purchase a stenographer's transcript in every case where a defendant cannot buy it. 351 U. S., at 20. Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. *In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review.* In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions. (Italics ours.)

■ This paragraph, as well as other parts of the majority opinion in *Draper v. Washington, supra,* leaves no doubt in our minds that an indigent appellant must assume the burden of pointing out to the court what specific parts of the record are relevant to his allegations of error.

He cannot simply allege one isolated error occurring at the end of the trial, and then expect the state to furnish him a *complete* transcription of the trial proceedings (statement of facts) on the ground that "several other errors" have been alleged, in addition to the one specific allegation of error stated in his petition.

The statements made by petitioner, aside from his detailed description of the error in paragraph 3 of his petition, were:

> That amongst the several errors that were committed upon the trial there was the following salient error which is of itself sufficient ground for the granting of a new trial. . . . [Then followed paragraph 3.]
>
> That there were several other errors of law committed at the trial which will be apparent in the statement of facts and which also will give the petitioner grounds for reversing the trial court by the Supreme Court.

█ The problem with the above statements is that none of them give any indication to the trial court what portion of the record may be relevant. The discussions in the briefs of the parties, as well as the trial court's findings Nos. 5 and 6, indicate that the trial court tried to ascertain from counsel for petitioner what any one of the alleged "several other errors" might be. The trial court apparently requested the petitioner to be more specific with regard to the alleged "several other errors" in response to which the petitioner, through his counsel, "elected to stand on his petition." See trial court finding No. 6, quoted above in the trial court's order.

We can appreciate the trial court's frustration in trying to determine what parts of the statement of facts might be relevant, because, during the oral argument in this court, counsel for petitioner was asked what parts of the record might be relevant. Counsel insisted that his client was entitled to the *complete* statement of facts, even though counsel admitted, for example, that the impaneling of the jury, the voir dire examination of the jury, and the closing

arguments of the counsel contained no error, and that these parts of the record were irrelevant.

Counsel for petitioner has stated to the court that he cannot remember what occurred at the two-day trial sufficiently to identify the "several other errors of law" referred to in the petition, and hence cannot point out to the trial court the parts of the record needed to present these errors to this court on appeal. However, we regard it as significant that:

(1) Counsel for petitioner has not stated either in the trial court or in this court that he does not have notes pertaining to the events at trial. The trial court kept notes and the prosecutor kept notes. Counsel could refresh his memory from his notes and could consult with the judge and the prosecutor to refresh his memory of the events of the trial.

(2) The petition for certiorari filed in this court alleged two additional specific errors, neither of which was alleged in the petition filed in the trial court. These two additional alleged errors were obviously recalled by counsel during the interim in some manner.

(3) The trial court has ordered the prosecutor to cooperate with petitioner's counsel to produce a narrative statement of facts concerning all parts of the proceedings which are not directed to be transcribed verbatim under any other part of the trial court's order. The joint effort of both counsel in producing such narrative statement should refresh the memory of petitioner's counsel in recalling other possible errors of law.

There are times and circumstances when a trial court may have a duty to order a complete transcription of the statement of facts for an indigent's appeal, such as the circumstances of the *Draper* case. But, such a duty does not arise before the indigent petitioner and his counsel have made a reasonable effort to advise the trial court as to the alleged errors on which they intend to base the appeal. See *Draper v. Washington, supra.* We think that petitioner's counsel has misunderstood *Draper v. Washington, supra,* when he argues that the state has the duty to supply the complete

statement of facts under the circumstances of the present case.

There is one additional point raised by petitioner. He claims that the trial court passed on the merits of his allegations of error in his trial court petition. He contends that this amounts to trial court review of its own errors, which is prohibited in *Draper v. Washington, supra,* and *Coppedge v. United States,* 369 U. S. 438, 8 L. Ed.2d 21, 82 Sup. Ct. 917 (1962).

█ Nowhere in the proceedings on the petition for a free record, nor in the trial court's order, did the court pass on the merits of the only specific allegation of error made by petitioner to the trial court. The petitioner is apparently relying on the trial court's finding No. 4, which reads: "That the court, upon reviewing his notes and memory, finds no *other* substantial or prejudicial error." (Italics ours.) We think it is obvious that the trial court's finding only shows an attempt, on its part, to assist the petitioner by reviewing its own notes of the trial. We do not interpret this finding as an indication that the court was expressing an opinion on the merits of any identified alleged error. The "review" of unspecified errors identified in the petition as "several other errors" would obviously be an impossibility, because there was no way for the trial court to know what the supposed errors consisted of in the absence of any enlightenment from petitioner's counsel.

We conclude that the trial court made no error with regard to its order in any of the respects challenged by the petitioner. Therefore, the trial court's order is affirmed.

However, we believe that, under the peculiar circumstances of this case, the interests of justice will be served if petitioner is granted leave to file an amended petition in the trial court for such additional portions of the statement of facts as may pertain to such other errors as may be specified therein. Petitioner has alleged two additional specific errors in his petition for certiorari filed in this court. Counsel for petitioner should also avail himself of any or all of the aids suggested in the *Draper* opinion, *supra,* and those

aids suggested in our opinion herein relating to the notes of trial and preparation of a narrative statement of facts. The trial court, upon holding a hearing on the amended petition (if the petitioner elects to file one), may have the opportunity to determine what additional portions of the record, if any, are relevant to the pending appeal.

Accordingly, we grant leave to petitioner to submit an amended petition to the trial court, alleging any additional specific errors which he intends to urge on appeal as a basis for asking for a new trial, regardless of his prior election to stand on his original petition. The time for the filing of the statement of facts on this appeal, under Rule on Appeal 46(4) and (11), RCW vol. 0, shall begin to run from the date of the filing of this opinion. The trial court is hereby ordered to entertain any such amended petition as if it were an original petition by an indigent appellant for a statement of facts.

It is so ordered.

HILL, OTT, HUNTER, and HALE, JJ., concur.