[No. 40485.    Department One.    July 3, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. JOYCE RICHARD LOFTIN, *Appellant.*\*

*L. Thomas Parker* and *Arlis W. Johnson,* for appellant (appointed counsel for appeal).

*L. Edward Brown* and *Paul B. Fournier,* for respondent.

WEAVER, J.—Defendant's counsel, who represented him in the trial court and upon this appeal, have filed a motion requesting permission to withdraw as counsel. The motion was filed in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). It is based upon counsel's conclusion "that any appeal would be frivolous and without merit." Counsel filed a brief in which they set forth three matters "that might arguably support the appeal."

Defendant was timely furnished with a copy of the motion and brief and informed that he had the right to submit a brief pro se in this court should he desire. None was filed.

The prosecuting attorney moved to dismiss the appeal on the ground that it was frivolous. He filed a brief answering the three possible issues suggested by defendant's counsel.

The three issues presented by counsel are these: (1) the state having rested its case, the court permitted it to reopen for additional testimony; (2) the prosecuting witness, being 11 years of age, was asked leading questions suggesting the

\*Reported in 458 P.2d 29.

answers expected; and (3) there was no evidence of the prosecuting witness's age except her own testimony.

We have made a full examination of all of the proceedings and read the testimony of the trial that resulted in defendant's conviction of three counts of indecent liberties and three counts of sodomy. We find no possible issues other than those designated by counsel.

■ Both the first and second suggested issues are within the wide discretion of the trial court and will not be disturbed except for a manifest abuse of discretion. *State v. Colotis*, 151 Wash. 557, 559, 276 P. 857 (1929); *State v. Davis*, 20 Wn.2d 443, 447, 147 P.2d 940 (1944). We find no abuse. It is a general rule, supported by the overwhelming weight of authority, that a witness is competent to testify regarding his own age.

> The rule applies to criminal prosecutions for rape and other crimes in which the age of the witness is a constituent element of the offense. [*State v. Thomas*, 8 Wn.2d 573, 575, 113 P.2d 73 (1941)].

No valid issues on the merits are presented by the record on appeal. It is frivolous.

Counsel's requested permission to withdraw is granted. The appeal is dismissed and the judgment and sentence stands affirmed. *See State v. Chamberlain*, 76 Wn.2d 818, 455 P.2d 375 (1969), *State v. Wade*, 76 Wn.2d 247, 456 P.2d 343 (1969).

It is so ordered.

HUNTER, C. J., FINLEY and HAMILTON, JJ., and ENNIS, J. Pro Tem., concur.