[No. 40369.    Department Two.    August 14, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. MORRIS KOSER, *Appellant*.*

*August F. Hahn,* for appellant (appointed counsel for appeal).

*L. Edward Brown,* for respondent.

HALE, J.—Is this a frivolous appeal? An information filed in the Superior Court for Grays Harbor County accused the defendant in three counts with the criminal use of explosives. Count 1 charged him with arson in the second degree (RCW 9.09.020); count 2 with endangering life and property by explosives (RCW 70.74.270); and count 3 with the offense of damaging buildings by explosives (RCW 70.74.280). Defendant pleaded not guilty and a jury found him guilty on each count. The jury also returned a special verdict finding, as to count 2, in the language of the statute that the "circumstances and surroundings" were "such that the safety of [a] person might be endangered by the explosion."

Defendant appeals the judgment of conviction which, on count 1, sentenced him to imprisonment for not more than

*Reported in 458 P.2d 27.

10 years, on count 2 to 20 years, and 5 years on count 3, the sentences to run concurrently. Throughout all stages of the proceedings, defendant was represented by counsel appointed by the court.

After denial of his motions in arrest of judgment and for a new trial, defendant, in open court, requested the court to discharge trial counsel and to appoint other counsel to prosecute his appeal in forma pauperis. Finding the defendant to be indigent, the trial court on May 29, 1968, granted the request, appointed counsel on appeal and directed that a statement of facts be prepared and furnished the defendant at public expense

After preparation of the statement of facts totaling 373 pages, and a transcript running to 96 pages, defendant's attorney on appeal filed in the Supreme Court a document entitled "Brief of Counsel Pursuant to Anders vs. California Rule," obviously intending compliance with the rationale and effect of *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). In what has come to be known as an Anders brief, counsel states that he has diligently examined the statement of facts and transcript and, after discussion with the defendant "is unable to find any error upon which to write any kind of argument to upset the verdict of the jury." The statement of facts, he says, leaves the defendant no possibility of contending that the evidence does not sustain the verdict. Counsel thereupon states, "In the opinion of counsel on appeal, the appellant has no grounds for appeal, that the appeal is frivolous and that further prosecution would be groundless."

That there is such a thing as a frivolous appeal is apparent from our statement in *State v. Loftin,* 76 Wn.2d 350, 458 P.2d 29 (1969), at 351:

No valid issues on the merits are presented by the record on appeal. It is frivolous.

Counsel's requested permission to withdraw is granted. The appeal is dismissed and the judgment and sentence stands affirmed.

That there has been an increase lately in the number of such appeals is shown by recent decisions which have cate-

gorically found them to be frivolous and appeals wholly without merit. *State v. Chamberlain,* 76 Wn.2d 818, 455 P.2d 375 (1969): *State v. Wade,* 76 Wn.2d 247, 456 P.2d 343 (1969).

We have examined the record in the instant case and find, as a matter of law, that not only was there sufficient credible evidence to sustain the verdict, but that the evidence provided strong and convincing proof of guilt. Nor do we discover in the entire statement of facts or transcript any basis upon which a meritorious assignment of error could sensibly be made. Our review of the record disclosed no errors warranting elucidation, discussion or analysis, much less any errors which would rationally support a reversal of the judgment and sentence. The appeal is, as stated by counsel, patently frivolous and wholly without merit. Forcing counsel to argue errors which do not exist or cannot rationally be urged to exist would compel counsel to perpetrate a sham. We thus conclude that this appeal is manifestly frivolous and utterly without merit.

We would be remiss, we think, in not inviting the attention of the judiciary and the bar to a problem ineluctably presented by this frivolous appeal. The statement of facts consisted of two volumes of typewritten testimony, colloquy, and rulings running to a total of 373 pages, paid for, we assume, at the current prevailing rate of $1.20 per page. The transcript is 96 pages, also supplied to the defendant at public expense. With the great increase in criminal trials and criminal appeals so manifest during the last 6 or 7 years, the cost of administering justice in ciminal cases during that period has jumped enormously. There has thus devolved upon the courts an added responsibility to exert every reasonable means consistent with affording due process of law and compatible with the constitutional right of appeal to keep the costs of appeals within reasonable limits. Although the courts bear the primary duties of stewardship over the public purse in the administration of justice in criminal cases, the bar also has a responsibility consistent with its adversary posture to see to it that public funds are not wasted.

Our rules provide for the observance of reasonable economy without working a detriment to the rights and privileges of the individual accused of crime.

Rule on Appeal 46(c)(2)(i), RCW vol. 0, in pertinent part states:

Public funds for the payment of the statement of facts shall be limited to portions of the record necessary for review of assignments of error. Assignments of error so patently frivolous that reasonable minds could not differ as to their frivolity shall not be considered.

In *State v. Badda*, 66 Wn.2d 314, 402 P.2d 348 (1965), we quoted directly from *Draper v. Washington*, 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963), saying, at 320:

*[T]he fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review.*

As pointed out explicitly in *Draper v. Washington, supra,* there are usually many alternative ways to lay before an appellate court all genuine questions of error short of purchasing a page-by-page verbatim report of the trial. Assignments of error, including the question of sufficiency of the evidence, may be thoroughly reviewed and frequently upon a fairly short and inexpensive record. A narrative account of the testimony of key witnesses, for example, may suffice when certified by the trial judge. An agreed statement of facts presents another possibility. Copies of electronic recordings of the trial might be available to defendant and counsel from which he could select excerpts for transcription or from which he may attack the sufficiency of the evidence. Perhaps affidavits of counsel annexed to narrative accounts of those parts of the record upon which error will be assigned and certified to by the trial judge might provide an inexpensive record for review. In brief, any method which reveals all events and evidence germane to the points raised on appeal and consistent with a full review of claimed errors, short of a total page-by-page verbatim record will suffice. For a more particular statement

with regard to preparation of a record for appeal at public expense, *see State v. Badda, supra.*

Thus, although the law places upon the judiciary a major responsibility for the expenditure of public funds in the administration of justice in criminal cases, the bar also shares in this responsibility notwithstanding its duty to vigorously present by all honorable means every legitimate defense.

The judgment and sentence is affirmed.

HUNTER, C. J., HILL and NEILL, JJ., and ENNIS, J. Pro Tem., concur.