284

[No. 317-41304-2.   Division Two.   September 18, 1970.]
THE STATE OF WASHINGTON, *Respondent*, v. VIRGIL RAY
JORDAN, *Appellant*.

*Larry M. Carter* (of *Preston, Thorgrimson, Starin, Ellis & Holman*), for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *Douglas S. Dunham, Deputy*, for respondent.

PER CURIAM—Defendant and three minor suspects were apprehended during the commission of a burglary of a doctor's office in Seattle. They were transported to the Georgetown Precinct Police Station for the purpose of getting names, addresses and the taking of an inventory of items in the suspects' possession. While at the station the defendant allegedly made some damaging statements in a conversation with his fellow suspects which were overheard by a police officer. The defendant was berating one of the other suspects for having been caught with a large quantity of pills which were taken from the doctor's office. The substance of the conversation allegedly overheard was that the defendant Jordan told the other boys that when he goes into a place he looks for money and not drugs or pills. No Miranda warnings had been given to any of the suspects prior to this time.

A hearing was held pursuant to CrR 101.20W to determine the admissibility of the "confession". The trial court permitted the officer to testify about the conversation. The

jury subsequently returned a verdict of guilty and sentence was imposed thereon.

Counsel for defendant, who also represented defendant at trial, has filed a motion to withdraw because of the frivolity of the appeal pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). The prosecuting attorney has filed a motion to dismiss the appeal.

The brief filed in support of defense counsel's motion to withdraw raised only one issue "that might arguably support the appeal". The arguable issue raised is that statements allegedly made by the defendant to his fellow suspects while in custody at the station house shortly after the arrest and allegedly overheard by a police officer were inadmissible as evidence because the Miranda warnings had not been previously given.

Defendant's counsel is of the opinion that *State v. Eldred*, 76 Wn.2d 443, 457 P.2d 540 (1969), is dispositive of this appeal. We agree.

The *Eldred* case held that voluntary non-interrogational statements made by one arrested while being transported to the police station were not prohibited by *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), and that the officer could testify about the statements overheard even though no Miranda warnings had been given.

In *Miranda v. Arizona, supra,* at 444, quoted with approval in the *Eldred* case, the United States Supreme Court is instructive on this point:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from *custodial interrogation* of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean *questioning initiated by law enforcement officers* after a person has been taken *into custody* or otherwise deprived of his freedom of action in any significant way.

(Italics ours.)

There is no doubt that the defendant Jordan was in custody, but the statements made were not in response to

any interrogation initiated by the police officers. When the defendant was interrogated by a detective of the Seattle Police Department later that same morning he was given the Miranda warnings.

■ Since the only "arguable issue" raised in this appeal has recently been litigated before this state's Supreme Court and decided adversely to the defendant's contention, this appeal is indeed without merit. *State v. Loftin,* 76 Wn.2d 350, 458 P.2d 29 (1969); *State v. Wade,* 76 Wn.2d 247, 456 P.2d 343 (1969).

A diligent search of the record has uncovered no valid issue, hence the appeal is frivolous. Both the defense counsel's motion to withdraw and the prosecuting attorney's motion to dismiss the appeal are granted. The appeal is dismissed and the judgment and sentence is affirmed.

It is so ordered.