[No. 2723-1.    Division One.    December 16, 1974.]

*In the Matter of the Application for a Writ of Habeas Corpus of* MORRIS WAYNE KOSER, *Appellant,* v. SIDNEY E. SMITH, *as Secretary of the Department of Social and Health Services, Respondent.*

*Cogdill & Deno* and *James E. Deno,* for appellant (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *Luzerne E. Hufford, Assistant,* for respondent.

JAMES, J.—Morris Wayne Koser was convicted of three counts involving unlawful use of explosives. He appeals

from an order denying his petition for a writ of habeas corpus.

Count 1 of the information charged him with arson in the second degree (RCW 9.09.020); count 2 with endangering life and property by explosives (RCW 70.74.270); and count 3 with the offense of damaging buildings by explosives (RCW 70.74.280). All counts concerned a single explosion in which no one was injured. On count 1, he was sentenced to imprisonment for not more than 10 years, on count 2 for a maximum term of 20 years, and for a maximum term of 5 years on count 3, the sentences to run concurrently.

At trial, Koser was represented by appointed counsel. After denial of his motions in arrest of judgment and for new trial, he requested that his trial counsel be discharged and that other counsel be appointed to prosecute his appeal in forma pauperis. His request was granted. On appeal to the Supreme Court, his counsel filed an "Anders" brief and moved to withdraw. The court affirmed the judgment and sentence and granted counsel's motion to withdraw. *State v. Koser*, 76 Wn.2d 509, 458 P.2d 27 (1969). Because Koser has exhausted his remedies by appeal, his resort to habeas corpus for relief requires that he establish that he was denied constitutional protections. *Buckingham v. Cranor*, 45 Wn.2d 116, 273 P.2d 494 (1954).

Koser's present counsel on appeal was also appointed and represented him in Superior Court. Subsequent to the Superior Court habeas corpus hearing, Koser was released on parole, but he seeks relief from the restraints so imposed.

In this appeal, Koser makes two claims. He first contends that he was denied his constitutional right to effective assistance of counsel on appeal. His second contention is that both RCW 70.74.270 and RCW 70.74.280 are unconstitutional because their vagueness and ambiguity permit the denial of due process and equal protection of the law.

At the hearing below, Koser asserted that neither at trial nor on appeal had he been provided with effective assistance of counsel. The trial judge found as a fact that Koser's

trial counsel had "provided effective, capable and aggressive assistance to petitioner during the trial." Koser takes no exception to this finding.

The trial judge, however, made no finding concerning Koser's claim that he was deprived of effective counsel on appeal. The formal findings relating to this issue are:

On or about March 19, 1969 [named counsel] filed with the Supreme Court of the State of Washington a brief entitled "Brief of Counsel Pursuant to *Anders vs. California* Rule" wherein [he] stated inter alia:

After diligent examination of the Statement of Facts, the transcript and following the conversations with concerned parties, counsel on appeal is unable to find any error on which to write any argument to upset the verdict of the jury. The appellant maintains that the evidence did not show he was guilty of the crimes charged.

The only assignable error that counsel on appeal is able to ascertain is whether or not the evidence is sufficient to sustain the verdict. In all candor, counsel on appeal must state that in his opinion the evidence as shown by the Statement of Facts amply sustains the verdict. However, pursuant to the opinion of *Anders vs. California*[,] . . . decided by the Supreme Court of the United States, counsel on appeal requests the Supreme Court review the Statement of Facts to determine whether or not the evidence is sufficient to sustain the appeal, and whether or not any error otherwise may have occurred which has escaped the attention of counsel.

In the opinion of counsel on appeal, the appellant has no grounds for appeal, . . . the appeal is frivolous and . . . further prosecution would be groundless.

Finding of fact No. 5.

That a copy of the aforesaid brief was never served upon or otherwise delivered to the petitioner nor was petitioner informed of its filing or content prior to the Supreme Court's decision on the appeal.

Finding of fact No. 6.

The stated purpose of the "Anders" requirement that "[a] copy of counsel's brief should be furnished the indigent" is to allow him to "raise any points that he chooses."

*Anders v. California,* 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Other than to assert that the failure to timely furnish him with a brief was, per se, proof of counsel incompetency, the only "point" which Koser now raises is that the "explosives" statutes are unconstitutionally vague.

In his oral opinion, the trial judge said:

> On the reading of the statement of facts, it appears that the trial Counsel did raise evidence problems, and the constitutional problem was argued at that stage—so I cannot say that the Supreme Court, in view of this strong language, didn't take into their consideration all those matters. That being the case, I will deny the petition for the writ. I have found, however, that as indicated to you, that Mr. Koser was not supplied with a brief timely enough so that he could raise the questions himself.

The "strong language" to which the trial judge referred is as follows:

> We have examined the record in the instant case and find, as a matter of law, that not only was there sufficient credible evidence to sustain the verdict, but that the evidence provided strong and convincing proof of guilt. Nor do we discover in the entire statement of facts or transcript any basis upon which a meritorious assignment of error could sensibly be made. Our review of the record disclosed no errors warranting elucidation, discussion or analysis, much less any errors which would rationally support a reversal of the judgment and sentence. The appeal is, as stated by counsel, patently frivolous and wholly without merit. Forcing counsel to argue errors which do not exist or cannot rationally be urged to exist would compel counsel to perpetrate a sham. We thus conclude that this appeal is manifestly frivolous and utterly without merit.

*State v. Koser, supra* at 511. The trial judge did, however, formally conclude that RCW 70.74.270 and RCW 70.74.280 were not unconstitutional.

█ We are persuaded, however, that because the constitutionality of the statutes was not challenged in the "Anders" brief and Koser was not given an opportunity to file a

pro se brief, and because the court did not expressly address itself to the issue, we should assume that it was not considered by our Supreme Court. Because of our determination that the constitutionality of the statutes should be resolved in this proceeding, we do not further consider Koser's claim that he was denied effective counsel in his first appeal. He was provided able and effective counsel for this proceeding.

When Koser was charged and tried, RCW 70.74.270 provided as follows:

> *Endangering life and property by explosives—Penalty.* Every person who shall maliciously place any explosive substance or material in, upon, under, against or near any building, car, vessel, railroad track or structure, in such manner or under such circumstances as to destroy or injure the same if exploded, shall be guilty of a felony, and if the circumstances and surroundings are such that the safety of any person *might* be endangered by the explosion thereof, shall be punished by imprisonment in the state penitentiary for not more than twenty years; and in every other case by imprisonment in the state penitentiary for not more than five years.[1]

(Italics ours.) RCW 70.74.280 provided as follows:

> *Damaging building, etc., by explosion—Penalty.* Every person who shall maliciously, by the explosion of gunpowder or any other explosive substance or material, destroy or damage any building, car, vessel, railroad track or structure, shall be punished as follows:
>
> (1) If thereby the life or safety of a human being *is* endangered, by imprisonment in the state penitentiary for not more than twenty years.
>
> (2) In every other case by imprisonment in the state penitentiary for not more than five years.[2]

(Italics ours.)

---

[1]RCW 70.74.270 was amended by Laws of 1969, 1st Ex. Sess., ch. 137, § 23 to provide for an increased maximum term of 25 years if personal safety might be endangered. The amendment also eliminated the provision for a maximum of 5 years' imprisonment for "every other case."

[2]RCW 70.74.280 was amended in 1971. The maximum term if the "life or safety of a human being is endangered" was increased to 25 years.

It is readily apparent that RCW 70.74.270 makes it a crime to maliciously "place" an explosive. The criminal act proscribed is one which creates a *threat* of damage to property. RCW 70.74.280 makes criminal the *actual* damaging of property by means of an explosive.

██ Criminal statutes commonly provide for varying degrees of criminality with varying penalties. Although before amendment RCW 70.74.270 did not provide for "degrees" of the offense of maliciously placing an explosive, it is apparent that the legislative intent was that an increased penalty should be imposed if, by the "placement," life as well as property was endangered. But a criminal statute which permits a prosecuting official to charge different degrees of culpability with differing punishments for the same act committed under similar circumstances is violative of the equal protection clause of the fourteenth amendment to the United States Constitution. *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). We are satisfied that before it was amended, RCW 70.74.270 did permit the unlawful exercise of prosecutorial discretion. An explosive placed in such manner and under such circumstances as to constitute a *threat* to property necessarily "might" constitute a *threat* to human life and safety. There can be no rationally conceived circumstances where life as well as property "might" *not* suffer injury. If it has the latent capacity to cause damage to a building, car, vessel, railroad track or structure, a "placed" explosive substance must necessarily also have the potential for endangering the life or safety of a person.

RCW 70.74.270 and RCW 70.74.280 were first enacted as sections 400 and 401 of chapter 249 of the Session Laws of 1909. By chapter 249, Washington's entire "criminal code" was enacted. A marginal note, which we may notice for the purpose of determining legislative intent, *State v. Lundell* 7 Wn. App. 779, 503 P.2d 774 (1972), states that "[t]he Criminal Code was taken largely from New York and Minnesota." But when Washington's statute is compared with

those of New York and Minnesota,[3] its constitutional deficiency is revealed. All three of the statutes included as an element the *potential* of endangering human life or safety, but neither New York nor Minnesota attempted to make that potential an element of an increased degree of culpability. Rather, the threat or potential for endangering human life or safety was made a necessary element of the single felony charged.

We are satisfied, however, that RCW 70.74.280 does not similarly permit the denial of equal protection and is therefore not unconstitutional.[4] When a *threatened* explosion has become an *accomplished* fact, the uncertainty as to whether it "might" endanger human life or safety is no longer present. To obtain a conviction for the higher degree, the prosecution must charge and prove an additional *fact* which it need not charge and prove for the lesser offense. RCW

[3]"Endangering life by maliciously placing explosive near building. A person, who places in, upon, under, against or near to, any building, car, vessel or structure, gunpowder or any other explosive substance, with intent to destroy, throw down or injure the whole or any part thereof, under such circumstances, that, if the intent were accomplished, human life or safety would be endangered thereby, although no damage is done, is guilty of a felony." New York Penal Law of 1881, ch. 676, § 645.

"Endangering life and property by explosives—Every person who shall place gunpowder or any other explosive substance in, upon, under, against, or near to any building, car, vessel, or structure, with intent to destroy, throw down, or injure the whole or any part thereof, under such circumstances that, if the intent should be accomplished, human life or safety would thereby be endangered, although no damage be actually done, shall be guilty of a felony. Every person who shall unlawfully and maliciously, by the explosion of gunpowder or other explosive substance, destroy or damage any building or vessel, shall be punished as follows:

"1. If the life or safety of a human being is endangered, by imprisonment in the state prison for not more than ten years;

"2. In every other case, by imprisonment in the state prison for not more than five years." Minn. Rev. Laws § 5125 (1905).

[4]RCW 70.74.280 is essentially indistinguishable from the latter portion of section 5125, Minn. Rev. Laws (1905). A careful reading of the Minnesota statute reveals that it includes two separate crimes, the placement of an explosive and the actual damaging of property by an explosive.

70.74.280, therefore, does not permit a prosecutor to charge different degrees of culpability with differing punishments for the same act committed under similar circumstances.

Koser's petition for a writ of habeas corpus is granted only as to count 2 of the information. The judgment of conviction on count 2 is set aside and the matter is remanded to the Board of Prison Terms and Paroles for action consistent with this disposition.

SWANSON, C.J., and FARRIS, J., concur.