Benny WEST *v*. STATE of Arkansas

CR 74-156                                        518 S.W. 2d 497

Opinion delivered February 10, 1975

*Robert A. Newcomb*, Atty. for Inmates, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Benny West was charged with first degree murder and held without bail from November 7, 1970 to April 1972, at which time bail was set at $50,000. Bail was reduced to $25,000 in July 1972, and on August 3, 1972, he was released on bail. A jury found him guilty of second degree murder on June 5, 1973, and he was sentenced to 21 years. O January 14, 1974, he filed a motion for modification of his sentence by crediting him with his pretrial confinement. On November 4, 1974, the circuit judge granted his motion by reducing the sentence in the judgment entered to a sentence of 19 years, 3 months and 5 days, after finding that pretrial incarceration amounted to 1 year, 8 months and 25 days. This was not a suspension of part of the sentence, as appellant suggests.

Appellant contends that this action was not in accordance with Ark. Stat. Ann. § 43-2813 (Supp. 1973). We do not agree.

It is appellant's contention that the court should have directed that appellant's sentence start on a date 1 year, 8 months and 25 days prior to the date of the jury verdict. We are unable to see how this result is dictated by § 43-2813. That section reads:

Computation of Sentence. Time served shall be

deemed to begin on the day sentence is imposed, not on the day a prisoner is received by the Department of Correction and shall continue only during the time or times in which a prisoner is actually confined in a county jail or other local place of lawful confinement or while under the custody and supervision of the Department of Correction; provided, however, that the sentencing judge may in his discretion direct, when he imposes sentence, that time already served by the defendant in jail or other place of detention, shall be credited against the sentence.

It seems to us that the trial judge's action is exactly in accord with the statutes. Nothing whatever in the language of the statute directs or permits the judge to make the sentence effective retroactively, and we are aware of nothing that would make the statute or its application by the trial judge in this case run afoul of "equal protection" guarantees. Appellant cited no authority for his argument that the procedure deprives him of Fourteenth Amendment equal protection.

He has presented an ingenious argument that he is discriminated against by reason of the fact that under Ark. Stat. Ann. § 43-2807 (c) (Supp. 1973) one who was sentenced to 21 years who had not been incarcerated prior to trial would be eligible for parole after seven years, while he would have served 6 years, 5 months and 2 days in the Department of Correction, and 1 year, 8 months and 25 days in pretrial jail confinement, or a total of 8 years, 1 month and 27 days. Assuming that each started receiving maximum "good time" credit from the beginning of his sentence, the difference, according to appellant, would be 3 years and 6 months, as against 3 years, 2 months and 16 days plus his pretrial jail time for a total of 4 years, 11 months and 11 days. The disparity in "good time" credit clearly does not deny Fourteenth Amendment equal protection to appellant. *McGinnis* v. *Royster*, 410 U.S. 263, 93 S. Ct. 1055, 35 L. Ed. 2d 282 (1973).

The rationale of *Royster* is also applicable to the disparity in minimum parole eligibility time. In *McGinnis* the court passed on a New York statute which, in effect, denied "good

time" credit for presentence incarceration in county jails. Under the statute "good time" was awarded for good behavior and efficient performance of duties during incarceration. Minimum parole date was calculated by subtracting the greatest amount of good time that could be earned from the minimum sentence of an indeterminate term, and the statutory release date, by subtracting the greatest amount of good time that could be earned from the maximum sentence of an indeterminate term. The statute came into play in *McGinnis* because it explicitly forbade any "good time" credit for time spent in jail in calculating the minimum parole dates. If the appellees in *McGinnis* had been entitled to "good time" credit for their presentence confinement they would have been entitled to appear before the parole board at least three months earlier than they would otherwise. Insofar as the end result is concerned, the problem here and the principle involved are essentially the same. The mere fact that the court acted in strict compliance with a statute that makes no reference to "good time" credit, and *McGinnis* involved a statute that made the distinction makes no real difference. The court in *McGinnis* held there was no denial of equal protection because the distinction, having arisen in the course of the state's sensitive and difficult effort to encourage for its prisoners constructive future citizenship while avoiding the danger of releasing them prematurely upon society, called for classifications to meet a practical problem of government, which need only be upon a rational basis, even though they may actually result in rough accommodations. The important question is whether the challenged distinction rationally furthers some legitimate, articulated state purpose. The legitimate purpose in *McGinnis* was found in the different purposes, usages and facilities in state prisons and county jails. On the one hand there is, whatever deficiencies there may be, a rehabilitative program and objective in state prisons, but none in county jails, which are designed as places of detention only. See Ark. Stat. Ann. § 46-100, 103, 107, 116, 117 (Supp. 1973). There are laws and regulations which require the state to evaluate an inmate's progress toward rehabilitation in a state prison by observation and evaluation of conduct and performance in determining parole eligibility, but none in county jails. See Ark. Stat. Ann. §§ 43-2806 — 9, 46-103, 116, 117, 120, 120.1, 120.2, 120.3. And, as pointed out

by Mr. Justice Powell in speaking for the U.S. Supreme Court in *McGinnis*, it would hardly be appropriate to undertake rehabilitation of one held in pretrial detention who was still cloaked with the presumption of innocence. These differences furnish a rational justification both there and here for the distinction made in promoting a legitimate state purpose to afford adequate observation of an inmate's conduct and rehabilitative progress before he is considered for parole.

We note that, in entering its order, the trial court appended a direction that the Arkansas Board of Corrections give no credit to appellant for the time of pretrial confinement in determining parole eligibility. This portion of the order is not attacked on appeal, probably because the court's action without this direction would likely produce the same result. Suffice it to say that we do not think the court had the discretion and power to direct the board's action in this respect under existing law, even though it may once have had. See Ark. Stat. Ann. § 43-2807 (Supp. 1973). We consider it only to constitute a recognition by that court of the underlying reasons for the distinction of which appellant is complaining. Be that as it may, the significant questions before us are whether the court followed the dictates of the statute covering "jail time" credit, whether he abused his discretion in doing so, and whether the statute, as written or applied, violates equal protection requirements. Our answer is in the negative to all except the first, so the judgment is affirmed.