Sammie Lee JOHNSON *v.* STATE of Arkansas

CR 75-104                                528 S.W. 2d 367

Opinion delivered October 6, 1975

*Thomas G. Montgomery*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Bill D. Etter*, Dep. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Sammie Lee Johnson was charged with robbery committed with a firearm, he being only 20 years old at the time. There was no real issue of guilt or innocence, because Johnson testified that he and Jim

McGee, aged 27, committed the robbery, though Johnson denied that he had shot anyone. The jury, in finding Johnson guilty upon both counts, imposed sentences of 21 and 15 years. Counsel sets out six points for reversal but admits that two are without merit.

First, at the outset counsel contended that his client, an indigent, was entitled to a complete record of the voir dire examination of the jury. The court properly denied that request, holding that the defendant was entitled only to a record of each question thought to be improper. There is no requirement that an indigent defendant be supplied at public expense with such parts of the record as are not pertinent to any issue to be decided on appeal. *Willis* v. *State,* 42 Ala. App. 85, 152 So. 2d 883 (1963); *State* v. *Badda,* 66 Wash. 2d 314, 402 P. 2d 348 (1965); see also *Draper* v. *Washington,* 372 U.S. 487 (1963), and ABA Standards Relating to Criminal Appeals, § 3.3 (e) (Approved Draft, 1970).

Second, in his opening statement the prosecuting attorney said that the evidence would show that Johnson "is the one who fired at least five shots at three different individuals. He fired and struck Fred Arthur in the back." Defense counsel objected: "I don't believe that statement can be proved." In fact the statement was substantially proved, there being testimony that Johnson fired as many as four shots in the course of the filling-station robbery.

The case falls within our recent observations in *Foots* v. *State,* 258 Ark. 507, 528 S.W. 2d 135 (1975): "It frequently happens that an attorney, in good faith, goes too far in telling the jury what he expects the testimony to show. Obviously a mistrial cannot be declared every time an opening statement is challenged by the other side." Here there is no suggestion that the prosecutor acted in bad faith, nor was there even a request that the jury be told that opening statements are not evidence. Thus the objection was rightly overruled.

Third, there is no merit in the argument that the State should not have been allowed to cross-examine Johnson about whether he had committed robbery upon an earlier occasion, such proof being pertinent to the witness's credibility.

*Ballew v. State,* 246 Ark. 1191, 441 S.W. 2d 453 (1969). There was no request that the court limit the evidence to the issue of credibility alone; so the court's failure to so limit the issue is not before us. *Amos v. State,* 209 Ark. 55, 189 S.W. 2d 611 (1945).

Fourth, it is argued that the trial court, in allowing credit for pretrial jail time, should have treated that period of confinement just as if Johnson had been confined in the penitentiary, with an attendant accumulation of credit for "good time." That argument was rejected in *West v. State,* 257 Ark. 582, 518 S.W. 2d 497 (1975), and we find no reason to disturb that holding.

Affirmed.